IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN GRAY, § | | |
| TDCJ-CID NO. 475245, § | | |
| Petitioner, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-05-2102 |
| § | | |
| DOUGLAS DREKTE, § | | |
| Respondent. § | | |

OPINION ON DISMISSAL

Petitioner John Gray, a state inmate, seeks habeas corpus relief under 28 U.S.C. § 2254 to challenge the 1999 revocation of his parole and a decision made on March 25, 2003, to deny him an early release on parole. The Court will dismiss the petition for the reasons to follow.

In 1988, petitioner was sentenced to twenty-seven years confinement upon his conviction for indecency with a child in the 230th District Court of Harris County, Texas, in cause number 481656. Petitioner's conviction was affirmed on direct appeal. *Gray v. State*, No.B14-88-00173-CR (Tex. App.–Houston [14th Dist.], pet. ref'd).

Although petitioner claims to have filed five state habeas applications challenging the 1999 revocation of his parole, the Harris County District Clerk's Office and the Texas Court of Criminal Appeals' website indicate that he has filed only two habeas applications in cause number 481656. The first was filed on November 2, 1999, and denied without written order on the trial court's findings without a hearing on December 12, 2000. *In re Gray*, Application No.5,358-13. The second was filed on November 17, 2004, and denied by the Texas Court of Criminal Appeals without written order on the trial court's findings without a hearing on May 4, 2005. *In re Gray*, Application No.5,358-16.

Petitioner has also filed three federal habeas petitions challenging the 1999 parole revocation. The first two were denied for failure to exhaust state remedies. *See Gray v. Johnson*, Civil Action No. H:00-CV-96 (S.D. Tex. Feb. 8, 2000); *Gray v. Johnson*, Civil Action No. H:00-CV-3346 (S.D. Tex. Apr. 23, 2001). The third was dismissed with prejudice because it was barred by the governing statute of limitations. *Gray v. Cockrell*, Civil Action No.H:02-CV-4338 (S.D. Tex. Jan.2, 2003).

Petitioner also challenged, by a federal habeas petition, a decision made on March 25, 2003, by the Texas Board of Pardons and Paroles to deny him an early release on parole. The Court dismissed this petition for failure to exhaust the available state court remedies. *See Gray v. Cockrell*, Civil Action No.H:03-CV-1969 (S.D. Tex. Jun. 20, 2003).

Petitioner sought authorization to file a second or successive petition in the Fifth Circuit Court of Appeals, but later filed a motion to withdraw the motion. (Docket Entry No.2). The Fifth Circuit granted the motion. (*Id.*).

In the pending petition, petitioner challenges his parole revocation on the following grounds:

1. Upon the revocation of his parole, TDCJ-CID retroactively cancelled 2,486 days of street-time credit, which increased his sentence from 27 years to 34 years confinement;

2. He was denied release on mandatory supervision on March 25, 2003, because he was convicted of possession of narcotics;

3. His sentence has been extended from 27 years to 34 years confinement without due process of law;

4. Petitioner did not voluntarily consent to the discretionary forfeiture of accrued street time when he released to parole in 1992; and,

     5.     Petitioner has been denied the right to timely and meaningful and fair access to the state courts under the habeas corpus statute to correct several ongoing constitutional violation of the judgment resulting in unlawful confinement because the Texas Time Credit Office has made a retroactive finding that his August 1987 offense is an aggravated offense and a crime of violence and cancelled his street time.

(Docket Entries No.1, No.3).

## Discussion

### Claims Related to the 1999 Parole Revocation

In federal court, dismissals grounded on the statute of limitations are final adjudications on the merits. *Steve D. Thompson Trucking, Inc. v. Dorsey Trailers, Inc.*, 880 F.2d 818, 819-20 (5th Cir. 1989). A habeas petition "that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes." *Villanueva v. United States*, 346 F.3d 55, 61 (2nd Cir. 2003), *cert. denied*, 124 S.Ct. 2895 (2004). Because petitioner's habeas petition in Civil Action No.H-02-4338, challenging the 1999 parole conviction was dismissed as time-barred and therefore, adjudicated on the merits, his claims regarding the 1999 parole conviction in the pending habeas petition are successive.

Title 28 U.S.C. § 2244(b)(3)(A) provides, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Petitioner has not shown that the Fifth Circuit has authorized this Court to consider the successive petition before he filed it in this Court. For this reason, this Court lacks jurisdiction to consider petitioner's habeas petition.

2003 Denial of Release to Mandatory Supervision

Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

  (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2). The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998). Because petitioner's petition was filed well after that date, the one-year limitations period applies to his claims. *Id.*

4

In this case, the limitations period began to run on the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D). Based on the issues raised in the pending petition and the order dismissing Civil Action No.H:03-CV-1969, the Court finds that the date on which petitioner could have discovered the factual predicate of the claim was no later than March 25, 2003, the date the Texas Parole Board denied his release on mandatory supervision. Therefore, limitations to file a federal habeas petition expired on March 25, 2004. Petitioner did not file a state habeas application until November 17, 2004, months after limitations expired.[1] Therefore, the tolling provisions found in § 2244(d)(2) do not apply. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).

Petitioner has not alleged that he was subject to state action that impeded him from filing his petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Although petitioner is incarcerated and is proceeding without counsel, his ignorance of the law does not excuse his failure to timely file his petition. *Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999).

Accordingly, the Court finds that petitioner's claims regarding the 2003 denial of release to mandatory supervision in this federal petition are barred by the AEDPA's one-year limitation period.

---

[1] Even if limitations were tolled by the pendency of Civil Action No.H:03-CV-1969, limitations would have expired in late June or early July of 2004.

Motion to Recuse

Petitioner has also filed a "Motion for Mandatory Disqualification or Recusal of United States District Judge Melinda Harmon." (Docket Entry No.4). Petitioner seeks recusal on the ground that he has an active impeachment charge filed against Judge Harmon pending in the United States House of Representatives and that she is currently a defendant in an unfiled or soon-to-be-filed federal civil rights action, "for wilfully and wrongfully participating in a civil conspiracy by use of her judicial office to deliberately violate the civil rights of the petitioner and unknown hundreds of other Texas prisoners, as soon as proper [district court and court of appeals jurisdiction] can be established by a court of appeals or by the United States Supreme Court." Petitioner also alleges that Judge Harmon harbors actual or apparent judicial prejudice against him in violation of the Due Process Clause and her impartiality can be reasonably be questioned in his set of circumstances. (*Id.*). Plaintiff has filed a verified affidavit in support of his motion. (Docket Entry No.5).

Section 455(a) of 28 United States Code requires a judge to disqualify herself in any proceeding in which her "impartiality might reasonably be questioned." "This recusal standard is objective; the relevant inquiry is whether a 'reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality.'" *Trevino v. Johnson*, 168 F.3d 173, 178 (5th Cir. 1999). The record, in this case, does not indicate that Judge Harmon was in any way impartial or biased. Accordingly, plaintiff's motion to recuse Judge Harmon (Docket Entry No.4) is DENIED.

Certificate of Appealability

The Court further finds that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable. *See Beazley v. Johnson*, 242 F.3d 248,

263 (5th Cir. 2001); *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). Accordingly, the Court finds that a certificate of appealability should not issue in this case.

## Conclusion

1. Petitioner's claims regarding the 1999 parole revocation are DISMISSED without prejudice to petitioner seeking authorization from the court of appeals to proceed in this Court on any new claim.

2. Petitioner's claim regarding the 2003 denial of release to mandatory supervision is DISMISSED with prejudice as time-barred.

3. A certificate of appealability is DENIED.

4. All pending motions are DENIED.

SIGNED at Houston, Texas, on this 26th day of July, 2005.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE